IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,
**Plaintiff,**

**v.**

**STEVEN D. BALLINGER,**
**Defendant.** No. 10 - CR - 30095 DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is the Government's First Motion in Limine (Doc. 25). The Court advised Defendant that failure to respond to the Government's pending motions in limine by February 1, 2011, would be considered an admission of the merits of the motions in accordance with **SDIL-LR 7.1(c)** (Doc. 59). Defendant has not filed a response. Accordingly, the Court **GRANTS** the Government's Motion. But the Court also notes that the law applicable to the Government's requests is clear.

First, the Government moves to Court to preclude Defendant from defining or attempting to define reasonable doubt to the jury (Doc. 25, p. 1). The Court **GRANTS** this request. *See United States v. Bruce*, **109 F.3d 323, 329 (7th Cir. 1997)("It is well established in this Circuit, however, that neither trial courts nor counsel should attempt to define 'reasonable doubt' for the jury.")**.

Second, the Government moves the Court to preclude Defendant from arguing any potential sentence to the jury (Doc. 25, p. 2). The Court **GRANTS** this request.

*See Shannon v. United States*, 512 U.S. 573, 579 (1994)("when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'").

Lastly, the Government moves to preclude the Defendant from presenting any argument or otherwise attempting to suggest the possibility of jury nullification (Doc. 25, p. 3). The Court **GRANTS** this request. *See Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003)("A Defendant has of course no right to ask the jury to disregard the judge's instructions('jury nullification')." (citing *Sparf v. United States*, 156 U.S. 51, 102 (1895)); *Gibbs v. VanNatta*, 329 F.3d 582, 584 (7th Cir. 2003); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997); *United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996)).

Accordingly, the Government's First Motion in Limine (Doc. 25) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2011.

David R. Herndon
2011.02.25
15:49:08 -06'00'

**Chief Judge**
**United States District Court**