IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**STEVEN D. BALLINGER,**

**Defendant.**  No. 10 - CR - 30095 DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is the Government's Second Motion in Limine (Doc. 26). Defendant is charged with one count of production of child pornography under **18 U.S.C. § 2251(a)**. The Government moves the Court to prohibit Defendant from arguing or presenting evidence that Defendant lacked knowledge of, or was mistaken about, the age of the minor victim as a defense to his charge. Defendant has filed a timely response (Doc. 43). For the reasons discussed herein, the Government's Motion is hereby **GRANTED**.

The Government's indictment charges that Defendant did "knowingly employ, use, persuade, induce, entice, and coerce a minor, T.R., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which

visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce; all in violation of Title 18, United States Code, Section 2251(a)" (Doc. 1). Despite using the word "knowingly" in the indictment, the Government argues in its Motion that Defendant should be prohibited from arguing or presenting evidence that he lacked knowledge of, or was mistaken about, the age of the minor victim as a defense (Doc. 26, p. 1). The Government says the case law is clear: knowledge is not a requirement of **§ 2251(a)**.

**Section 2251(a) of Title 18 of the United States Code** states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce . . . with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

**18 U.S.C. § 2251(a)**. The Supreme Court has analyzed **§§ 2251** and **2252**, and concluded that defendants may be convicted without proof they had knowledge of the victim's age under **§ 2251(a)**. ***United States v. X-Citement Video, Inc.*, 513 U.S.**

64, 76 n.5 (1994); *see also United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (Section 2251(a) "contains no requirement that the defendant know the performer is a minor.").

In his Response, Defendant disputes the application of *X-Citement Video*. He says the defendants in that case were convicted under **18 U.S.C. § 2252**, not **§ 2251**, and that **§ 2252** requires producers to have known the age of the performers (Doc. 43, p. 2). Because the Supreme Court, Defendant continues, held that "knowingly" in **§ 2252** extended to both the sexually explicit nature of the material and to the age of the performer, "knowingly" should likewise extend to both the sexually explicit nature of the material and to the age of the performer in **§ 2251**.

But Defendant cannot discount *X-Citement Video*. The Court analyzed the legislative history behind **§ 2251(a)** and concluded that producers of child pornography may be convicted without proof they had knowledge of age. *X-Citement Video*, **513 U.S. at 76 n.5**. It found that the "congressional intent . . . reflects the reality that producers are more conveniently able to ascertain the age of performers. It thus makes sense to impose the risk of error on producers." *Id.* Moreover, the Seventh Circuit has affirmed that knowledge is not required in prosecutions under **§ 2251(a)** both in *United States v. Johnson*, **376 F.3d at 693**, and again recently in *United States v. Fletcher*, **No. 08-3195, 2011 WL 455897 (7th Cir. Feb. 10, 2011)**. The case law is clear on this issue.

Accordingly, the Government's Second Motion in Limine (Doc. 26) is hereby

**GRANTED**. Defendant is prohibited from arguing or presenting evidence that he lacked knowledge of, or was mistaken about, the age of the minor victim as a defense to his charge.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2011.

David R. Herndon
2011.02.25
15:51:15 -06'00'

**Chief Judge
United States District Court**