IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**STEVEN D. BALLINGER,**

**Defendant.** No. 10 - CR - 30095 DRH

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court are the Government's Third Motion in Limine (Doc. 36) and Fifth Motion in Limine (Doc. 45), which overlap to some degree and will be addressed together. The Court advised Defendant that failure to respond to the Government's pending motions in limine by February 1, 2011, would be considered an admission of the merits of the motions in accordance with **SDIL-LR 7.1(c)** (Doc. 59). Defendant has not filed a response. Accordingly, the Court **GRANTS** the Government's motions. Alternatively the Court finds that the motions should also be granted on the merits.

### I. Fifth Motion in Limine

Defendant has been charged with production of child pornography in violation of **18 U.S.C. § 2251(a)**. He is accused of videotaping himself having sex with a minor on or around July 7, 2006 (Doc. 45, p. 1). The Government contends that any evidence of the alleged victim's consent is irrelevant because consent is not a defense to the crime charged. Therefore the Court should prohibit Defendant from suggesting that the victim's consent is a defense (Doc. 45, p. 1).

"Minors lack the capacity to consent, and so sexual contact with a minor is always 'without consent.'" ***United States v. Rogers*, 587 F.3d 816 (7th Cir. 2009);** *see also United States v. Abad*, **350 F.3d 793, 798 (8th Cir. 2003) ("The consent or willing participation of the 13-year old girl is insignificant and hardly relevant.")**. Although *United States v. Rogers* addressed sexual contact with a minor, the same reasoning applies here. Minors lack the capacity to consent, and so the production of child pornography is always "without consent." Thus the Court agrees with Defendant that consent is not a defense to the crime charged and is irrelevant. Therefore, the Government's Fifth Motion in Limine, to prohibit Defendant from arguing that the alleged's victim's consent is a defense, is **GRANTED**.

## II. Third Motion in Limine

In its Third Motion in Limine, the Government moves to Court to prohibit Defendant from arguing or presenting any evidence relating to the victim's other sexual behavior or any sexual predisposition (Doc. 36, p. 1). First, the Government

contends that such evidence is only admissible under three exceptions to **FEDERAL RULE OF EVIDENCE 412**, and none of those exceptions applies here. Second, the Government reminds the Court, if Defendant intends to present evidence relating to the alleged victim's other sexual behavior or sexual predisposition, Defendant must follow the procedure set out in **FEDERAL RULE OF EVIDENCE 412(c)** by, *inter alia*, submitting a written motion notifying the Court and the Government at least 14 days before trial.

As to the alleged victim's consent, **FEDERAL RULE OF EVIDENCE 412** excludes evidence relating to the victim's other sexual behavior or any sexual predisposition except (1) "specific instances of sexual behavior when it is offered by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;" (2) "specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent . . . ;" and (3) when its exclusion would violate the defendant's constitutional rights. **FED. R. EVID. 412(b)(1)(A)–(C)**. Of those exceptions, only the victim's consent might apply here (because Defendant has admitted having sex with the victim and taping himself in the act) (Doc. 36, p. 1). However, as discussed above, consent is not a valid defense. Moreover, as to **RULE 412(c)** procedure, Defendant has not submitted the described motion at least 14 days before the March 7 trial date. Thus the Government's Third Motion in Limine is **GRANTED**.

Accordingly, both because Defendant failed to respond and for the reasons discussed, the Government's Third Motion in Limine (Doc. 36) and Fifth Motion in Limine (Doc. 45) are hereby **GRANTED**.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2011.

David R. Herndon
2011.02.25
15:56:43 -06'00'

**Chief Judge
United States District Court**