IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,
**Plaintiff,**

v.

**STEVEN D. BALLINGER,**
**Defendant.**                                              No. 10 - CR - 30095 DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is the Government's Fourth Motion in Limine (Doc. 38). Defendant is charged with one count of production of child pornography under **18 U.S.C. § 2251(a)**. Defendant was previously charged and pled guilty in state court to a charge based on the same conduct, and the Government now moves the Court to allow evidence of Defendant's guilty plea. Defendant protests admission of the guilty plea on the grounds of double jeopardy under the Fifth Amendment (Doc. 46). For the reasons discussed herein, the Government's Motion is hereby **GRANTED**.

The Government's indictment charges that Defendant did "knowingly employ, use, persuade, induce, entice, and coerce a minor, T.R., to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in interstate commerce; all in violation of Title 18, United States Code,

Section 2251(a)" (Doc. 1). This charge is based on the Government's accusation that Defendant videotaped himself having sex with a minor on or about July 7, 2006 (Doc. 38). For the same conduct, Defendant has pled guilty to a child-pornography charge in state court, for "knowingly film[ing] T.R., a child whom the defendant knew to be under the age of 18 years of age, while he actually engaged in an act of sexual intercourse with Steven Ballinger [*sic*]." (Doc. 38). The Government seeks to admit the guilty charge for its value as an admission.

**FEDERAL RULE OF EVIDENCE 801** allows a statement into evidence, as nonhearsay, if it is offered against a party and is the party's own statement. **FED. R. EVID. 801(d)(2)(A)**. Since guilty pleas are offered against a party and are the party's own statements, "[g]uilty pleas are clearly admissible under the Federal Rules of Evidence 801(d)(2) as relevant statements of the defendant." ***United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993);** *see also* ***United States v. Dabney*, 498 F.3d 455, 458 (7th Cir. 2007)**.

In his Response, Defendant claims that admitting his guilty plea here would conflict with the Fifth Amendment's protection against double jeopardy (Doc. 46, p. 2). *See* **U.S. CONST. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.")**. Defendant notes that it is the policy of the U.S. Department of Justice not to prosecute conduct that has already been prosecuted. Thus, Defendant takes the tack that the case should not have been prosecuted. Such a tack however does not respond to the specific issues in the

Government's motion. And the Court does not analyze Defendant's response as an appropriate motion to dismiss the indictment. Therefore, on the specific issues raised in the Government's motion, the Court agrees with the Government that Defendant's guilty plea is admissible under **FEDERAL RULE OF EVIDENCE 801**.

Accordingly, the Government's Fourth Motion in Limine (Doc. 38) is hereby **GRANTED**. The Government may present evidence at trial that Defendant pled guilty to a charge in state court based on the same conduct.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2011.

David R. Herndon
2011.02.25
15:53:17 -06'00'

**Chief Judge**
**United States District Court**