IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,
**Plaintiff,**

**v.**

**STEVEN D. BALLINGER,**
**Defendant.**                                              No. 10 - CR - 30095 DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Before the Court is the Government's Sixth Motion in Limine (Doc. 49). The Government asks the Court to prohibit Defendant from arguing to the jury that a conviction on the instant federal charge would punish him twice for the same conduct, since he has already pled guilty in state court to a similar charge for the same conduct. The Court advised Defendant that failure to respond to the Government's pending motions in limine by February 1, 2011, would be considered an admission of the merits of the motions in accordance with **SDIL-LR 7.1(c)** (Doc. 59). Defendant has not filed a response. Accordingly, the Court **GRANTS** the Government's Motion. The Court also finds the law applicable to the Government's request is clear.

The Government moves the Court to prohibit Defendant from arguing to the jury that a conviction on the instant federal charge would punish him twice for the

same conduct. Defendant is charged with production of child pornography in violation of **18 U.S.C. § 2251(a)**. Specifically, he is accused of videotaping himself having sex with a minor on or around July 7, 2006 (Doc. 45, p. 1). For the same conduct, Defendant has pled guilty to a child-pornography charge in state court for "knowingly film[ing] T.R., a child whom the defendant knew to be under the age of 18 years of age, while he actually engaged in an act of sexual intercourse with Steven Ballinger [*sic*]." (Doc. 38). The Government maintains that any suggestion that Defendant will be punished twice for the same conduct amounts to an argument that he has been sufficiently punished already. This would "effectively amount to a plea for jury nullification" (Doc. 49, p. 1). It may also mislead or confuse the jury and require an explanation that a state-court conviction does not preclude a federal-court conviction. The Court agrees.

"It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" ***Shannon v. United States*, 512 U.S. 573, 579 (1994)(quoting Rogers v. United States, 422 U.S. 35, 40 (1975))**; *see also **United States v. Diekhoff*, 535 F.3d 611, 621 (7th Cir. 2008)**. "Information about the consequences of a verdict is therefore irrelevant to the jury's task." ***Shannon*, 512 U.S. at 40**.

The Court finds that such an argument by Defendant, if offered, would amount to arguing the consequences of a verdict and his potential sentence to the jury. It would also implicitly suggest jury nullification. The Court has already granted the

Government's First Motion in Limine prohibiting Defendant from arguing either his potential sentence or suggesting the possibility of jury nullification.

Accordingly, the Government's Sixth Motion in Limine (Doc. 49) is hereby **GRANTED**. Defendant is prohibited from arguing to the jury that a conviction on the instant federal charge would punish him twice for the same conduct.

**IT IS SO ORDERED.**

Signed this 25th day of February, 2011.

David R. Herndon
2011.02.25
15:55:07 -06'00'

**Chief Judge
United States District Court**