IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cr-30095-DRH |
| | ) | |
| STEVEN D. BALLINGER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**HERNDON, Chief Judge:**

Now pending is defendant Steven Ballinger's motion to dismiss the indictment (Doc. 84). Defendant requests dismissal of the indictment because "[t]he Petite policy in the case at bar has violated its own policy by failing to bring federal charges for basically the same charge for which defendant had pled and was sentenced in St. Clair County, Illinois (child pornography) for a period of eight (8) months," and "[t]he Petite Policy violates defendant's absolute right under the Fifth Amendment to [not—sic] be put twice in jeopardy of life or limb." For the following reasons, the motion to dismiss indictment is DENIED.

First, the motion to dismiss the indictment is untimely. Federal Rule of Criminal Procedure 12 states a motion alleging a defect in the indictment must be raised before trial. Fed. R. Crim. P. 12(b)(3). A court may hear a claim that the indictment fails to invoke the court's jurisdiction or state an offense while a case

is pending, though those are not arguments raised by defendant here. *Id.* Furthermore, the pretrial discovery and motion practice order in this case specifically required a motion to dismiss the indictment to be filed within 21 days of the arraignment. Doc. 8 p. 2. Because defendant's motion is untimely and does not comply with the requisite Rule or court order, it is denied.

Second, the double jeopardy argument is untimely. The proper time to raise a double jeopardy claim is on subsequent indictment for any crime which might arguably have been encompassed by the jury verdict or the indictment at issue. *See United States v. Sir Kue Chin*, 534 F.2d 1032, 1036 (2d Cir. 1976). A claim that convictions are multiplicitous in violation of the double jeopardy clause must be raised by motion before trial. *See United States v. Ogba*, 526 F.3d 214, 232 (5th Cir. 2008). The obligation to raise a double jeopardy claim before the end of trial always rests with the defendant. *See United States v. Flick*, 716 F.2d 735, 737 (9th Cir. 1983). Because defendant's assertion of this claim comes after his allegedly multiplicitous trial and conviction, it is untimely, and his motion to dismiss the indictment on double jeopardy grounds must be denied.

Third, even if the double jeopardy argument were timely, the challenge is meritless. The double jeopardy clause does not bar successive prosecutions by separate sovereigns like Illinois and the United States. *See Koon v. United States*, 518 U.S. 81, 112 (1996). Here, defendant argues his separate prosecutions for allegedly the same conduct in state and federal court violate double jeopardy, an argument that does not comport with the law. Accordingly,

even if his double jeopardy claim were timely, it would still be denied on the merits.

Finally, this Court was very clear about the *Petite* policy in its previous Order issued mere days ago on June 12, 2011 (Doc. 83). Suffice it to say—again—that the *Petite* policy is an internal policy, does not give the defendant substantive rights, is not subject to judicial review, and compliance with the policy is not constitutionally required. Defendant will gain no ground by further argument that the *Petite* policy was violated in this case or "violate[s] its own policy."

Defendant's motion to dismiss the indictment (Doc. 84) is DENIED.

**IT IS SO ORDERED.**

Signed this 15th day of July, 2011.

Digitally signed by David R. Herndon
Date: 2011.07.15 16:54:11 -05'00'

**Chief Judge
United States District Court**