# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Case No. 3:10-CR-30095-NJR

STEVEN D. BALLINGER,

      Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Steven Ballinger pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 111). The Government opposes this motion. (Doc. 113). For the reasons set forth below, the motion is denied.

### BACKGROUND

On March 1, 2011, Defendant Ballinger pleaded guilty to one count of production of child pornography. (Doc. 66). Ballinger was sentenced to 360 months' imprisonment. (Docs. 88, 91). According to the Bureau of Prisons' website, Ballinger is scheduled to be released on December 21, 2035.[1]

Ballinger argues his medical conditions, prior criminal history score, post-sentencing rehabilitation, and family's circumstances constitute extraordinary and compelling reasons to release him under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion.

---

[1] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 7, 2022).

DISCUSSION

Under Application Note 1(A)(ii) to U.S.S.G. § 1B1.13, extraordinary and compelling reasons for reducing a sentence exist where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. While the Court is not bound to follow this definition when a defendant brings suit himself under the First Step Act, it is a guiding principle. As the Seventh Circuit noted in *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020):

> The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of "extraordinary and compelling reasons"; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion within being conclusive.

Here, Ballinger has failed to establish extraordinary and compelling circumstances that warrant granting his motion for compassionate release. Ballinger's scabies, ruptured appendix, and prior contraction of COVID-19 are not medical conditions identified by the CDC as putting an individual at risk for sever illness from COVID-19. Further, the COVID-19 pandemic, on its own, is not an extraordinary or compelling reason for release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (the widespread availability of COVID-19 vaccines "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (prisoners who have access to vaccine cannot use risk of COVID-19 to obtain compassionate release). Thus, the Court finds that there is no evidence of an extraordinary and compelling reason for Ballinger's immediate release.

Even if the Court were to find that Ballinger's medical conditions, alone or in

conjunction with the COVID-19 pandemic, or other factors constitute extraordinary and compelling reasons for release, the § 3553(a) factors and requirement that a defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Ballinger, who is now 42 years old, is a predator. Ballinger had a prior history of sexually abusing minors. (Doc. 77). The Court certainly has concerns that his incarceration to date would be insufficient to deter Ballinger from future criminal conduct or to protect the public from further crimes.[2] Further, reducing Ballinger's sentence would fail to reflect the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. Simply put, after considering the § 3553(a) factors, Ballinger's request for compassionate release must be denied.

## CONCLUSION

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant Steven Ballinger (Doc. 111) is **DENIED**. As to the motion for appoint counsel, this motion is **DENIED** as the Court understands the issues raised by Ballinger on his own behalf.

**IT IS SO ORDERED.**

**DATED:  June 7, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] "Also, extremely disturbingly given his history of sexual misconduct with minor females, is the fact that the defendant has not yet participated in the BOP's Sex Offender Management Program or Sex Offender Treatment Program because he has more than 36 months remaining on his sentence." (Doc. 113, p. 17).